UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. PETERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0834 JAM AC (PS)<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this removed action pro se. The action was accordingly referred to the undersigned magistrate judge for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).

This is an action that seeks to enjoin a mortgage foreclosure. Pending before the undersigned are (1) plaintiff's motion to remand the action for lack of jurisdiction, and (2) defendant Wells Fargo's motion to dismiss the complaint for failure to state a claim. ECF Nos. 3, 6. The parties were heard at oral argument on these motions on August 31, 2016. Plaintiff represented himself. Wells Fargo Bank, N.A., was represented by Melissa C. Shaw, Esq.

The hearing on this matter was limited to whether Wells Fargo had shown that the court could exercise diversity jurisdiction, because the pages of the Complaint that were included in the original Notice failed to show that the action met the $75,000 jurisdictional minimum. See 28 U.S.C. § 1332(a). After the hearing, Wells Fargo filed an "Errata" to its Notice of Removal

1

1  ("Notice").  ECF No. 24.  The Errata explained that the original Notice "inadvertently omitted
2  pages 23 and 24 of Exhibit A (Complaint)."  ECF No. 24 at 1.

3  The omitted pages, which are now included in the Errata, appear to show that plaintiff
4  seeks an award of $150,000 and "cancellation of the Note and Deed of Trust."  See ECF No. 25
5  at 27 ¶¶ 7, 8.  Plaintiff was given the opportunity to respond to the Errata, and the matter was
6  taken under submission.  See ECF Nos. 25, 33.

7  For the reasons stated below, the undersigned will recommend that plaintiff's motion to
8  remand be denied, and that defendant's motion to dismiss be denied.

9  I.  PLAINTIFF'S MOTION TO REMAND

10  Defendant removed this action alleging diversity jurisdiction.  ECF No. 1; see 28 U.S.C.
11  § 1441(a), (b).  Plaintiff moves to remand the action to state court, arguing that the parties are
12  both citizens of the State of California, and that there is no proof that the amount in controversy
13  exceeds the $75,000 jurisdictional minimum.  ECF No. 6; see 28 U.S.C. §§ 1332(a), 1447(c).
14  The party requesting removal bears the burden of establishing that federal jurisdiction is
15  proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).  "Federal jurisdiction must be
16  rejected if there is any doubt as to the right of removal …."  Id.

17  A.  Diversity of Citizenship

18  It is undisputed that plaintiff is a citizen of California.  See Defendant's Notice of
19  Removal (ECF No. 1) ¶ 2(A)(i) ("Plaintiff is a California citizen based on domicile"); Plaintiff's
20  Motion To Remand (ECF No. 6) at 3 ("Plaintiff is a California domiciled citizen").

21  Plaintiff argues that defendant Wells Fargo is also a California citizen, because it "does all
22  of its business dealings … at 420 Montgomery St., San Francisco, Ca 94104."  ECF No. 6 at 3
23  citing Wachovia v. Schmidt, 546 U.S. 303 (2006).  Defendant argues that it is a citizen of South
24  Dakota, because "Wells Fargo's main office is located in South Dakota," and it is a citizen *only* of
25  the state where its main office is located.  ECF No. 9 at 2, citing Rouse v. Wachovia Mortgage,
26  FSB, 747 F.3d 707 (9th Cir. 2014).

27  Defendant is correct.  It is undisputed that defendant's "main office" is located in South
28  Dakota.  See Defendant's Notice of Removal (ECF No. 1) at 3-4 ("Wells Fargo … has its main

2

1    office in Sioux Falls, South Dakota"); Plaintiff's Motion To Remand (ECF No. 6) at 6 (quoting
2    defendant's Articles of Association, which state that "[t]he main office of this Association shall
3    be in the City of Sioux Falls, County of Minnehaha, State of South Dakota").  Even assuming that
4    plaintiff is correct that Wells Fargo has its principal place of business in California, binding Ninth
5    Circuit precedent is clear that "a national banking association is a citizen *only* of the state in
6    which its *main office* is located."  Rouse, 747 F.3d at 715 (emphases added).

     B.  Amount in Controversy

8        Defendant asserts that the amount in controversy exceeds the $75,000 amount, citing
9    plaintiff's request for "damages in an amount above $150,000."  ECF No. 1 at 7, citing Complaint
10   Prayer ¶ 8.  Plaintiff asserts that "no sums are specifically pled consistent with California's Code
11   of Civil Procedure."  ECF No. 6 at 12-13.

12       Defendant is correct.  The complaint seeks "Restoration of escrow fees, costs and
13   assessments that exceed the prayer, above in an amount of $150,000 or as proved at the time of
14   trial."  ECF No. 24 at 27 ¶ 8.  Plaintiff does not address defendant's assertion that the
15   jurisdictional amount is involved, other than to deny that any amount is specified, a denial that is
16   belied by the complaint itself.

     C.  Diversity Jurisdiction

18       Defendant, the party requesting removal, has satisfied its burden to establish diversity
19   jurisdiction.  The parties are citizens of different states, and the amount in controversy exceeds
20   $75,000.  Plaintiff's motion to remand for lack of diversity jurisdiction will therefore be denied.

     II.  REQUESTS FOR JUDICIAL NOTICE

     A.  Legal Standard

23       "A court shall take judicial notice if requested by a party and supplied with the necessary
24   information."  Fed. R. Evid. 201(d).  "A judicially noticed fact must be one not subject to
25   reasonable dispute in that it is … capable of accurate and ready determination by resort to sources
26   whose accuracy cannot reasonably be questioned."  Id.  Facts subject to judicial notice may be
27   considered by a court on a motion to dismiss.  Outdoor Media Group, Inc. v. City of Beaumont,
28   506 F.3d 895, 899 (9th Cir. 2007) (in ruling on a motion to dismiss pursuant to Rule 12(b)(6), the

court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice") (citation and quotation marks omitted).

Even where a document is not subject to judicial notice, the court may still consider a document proffered for judicial notice, if it qualifies under the "incorporation by reference" doctrine.

> [T]he "incorporation by reference" doctrine … permits us to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."

Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting Janas v. McCracken (In re Silicon Graphics Inc. Sec. Litig.), 183 F.3d 970, 986 (9th Cir. 1999)). The Ninth Circuit has extended the doctrine:

> to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.

Knievel, 393 F.3d at 1076.

B. Materials for which judicial notice is sought

As part of its motion to dismiss, defendant requests judicial notice of:

- ECF No. 3-1, Exh. A: Documents from various federal agencies showing that World Savings Bank, FSB, became Wachovia Mortgage, FSB, which became Wells Fargo Bank Southwest, NA, which became Wells Fargo Bank, NA.

- ECF No. 3-1, Exh. B: An Adjustable Rate Mortgage Note ("Note"), dated December 23, 2004, identifying Mark Randall Peters and Siane Kwentino Peters as the "Borrowers" of $637,500.00, and World Savings Bank, FSB as the "Lender," regarding a property at 1615 Saint Francis Court, Benicia, CA 94510 ("the Property").

- ECF No. 3-1, Exh. C: A Deed of Trust, recorded January 11, 2005 in Solano County, securing the Note;

- ECF No. 3-1, Exh. D: A Notice of Default regarding the Property, recorded March 3, 2015 in Solano County.
- ECF No. 3-1, Exh. E: Notice of Trustee's Sale of the Property, recorded March 17, 2016 in Solano County.

Plaintiff offers no opposition to the defendant's request for judicial notice.  In turn, plaintiff has attached three exhibits to his opposition to defendant's motion to dismiss.  The court construes them to be requests for judicial notice:

- ECF No. 13, Exh. 1: An April 8, 2016 state court Order and Temporary Restraining Order, enjoining the Trustee's Sale, and enjoining Wells Fargo from foreclosing on the Property.
- ECF No. 13, Exh. 2: Plaintiff's application for a TRO in the state court.
- ECF No. 13, Exh. 3. The complaint, as filed in state court.

Defendant offers no opposition to plaintiff's request for judicial notice.

C.  Resolution

The court will judicially notice all the proffered documents.  Defendant's Exhibits A, and C-E, documents recorded at the County Recorder's office, are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Defendant's Exhibit B is referred to in the complaint, and is properly considered here under the "incorporation by reference" doctrine.  See Knievel, 393 F.3d at 1076.

Plaintiff's proffered exhibits are state court documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

III.  DEFENDANT'S MOTION TO DISMISS

A.  The Complaint

The following allegations are taken as true solely for purposes of this dismissal motion. According to the complaint, plaintiff is the obligor on a promissory note dated December 23, 2004, that was used to purchase the Property, plaintiff's primary residence.  Complaint at 1 ¶ 13. Wells Fargo is the beneficiary of the promissory note.  See Complaint at 10 ¶ 30.

On or about July 20, 2014, defendant called plaintiff and represented that it was offering

1 him a reduced monthly payment deal. Complaint at 24 ¶ 71(7a) (acting through its agent, Ms.
2 Lopez). Defendant represented to plaintiff that if plaintiff would "forbear" making mortgage
3 payments for 90 days, there would be no default, and the reduced payment deal would be
4 confirmed. Id. at 25 ¶ 71(7a). Plaintiff, in reliance upon defendant's representations, made no
5 mortgage payments for August, September and October 2014. Id. When plaintiff called
6 defendant in November 2014 to confirm the reduced payment, defendant told him that he was in
7 default, and that defendant would commence default proceedings. Id. at 25 ¶ 8.

8      On March 3, 2015, defendant recorded a Notice of Default ("Notice") regarding the
9 Property. Id. at 9 ¶ 28(4); ECF No. 3-1 (Defendant's Request for Judicial Notice) at 34. On
10 March 17, 2016, a Notice of Trustee's Sale regarding the Property was recorded, stating that the
11 Property would be sold at auction on April 13, 2016. ECF No. 3-1 at 39. On April 8, 2016, the
12 Solano County Superior Court issued an order enjoining the foreclosure of the Property. ECF
13 No. 13 at 19-22.

14      B.  Rule 19 – Required Joinder of Parties

15      Defendant argues that the lawsuit must be dismissed because Siane Kwentino Peters is a
16 co-borrower on the loan, and therefore an "indispensable" party, yet she is not a party to this
17 lawsuit. ECF Nos. 3 at 8-9, 14 at 2, citing Fed. R. Civ. P. 12(b)(7) (failure to join a party under
18 Rule 19), 19(a)(1) (joinder of required party). In making this argument, defendant ignores the
19 distinction between a "required" party and an "indispensable" one, and does not cite a single
20 authority that could enlighten the court about how this Rule applies to this case.

21      In fact, "Federal Rule of Civil Procedure 19 provides a three-step process for determining
22 whether the court should dismiss an action for failure to join a purportedly indispensable party."
23 United States v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999). First, the court asks whether "the
24 absent party [is] necessary (*i.e.*, required to be joined if feasible) under Rule 19(a)." Salt River
25 Project Agricultural Improvement & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012).
26 Second, if so, "the court must determine whether joinder is 'feasible.'" Bowen, 172 F.3d 682,
27 688 (9th Cir. 1999). Third, "if joinder is not 'feasible,' the court must decide whether the absent
28 party is 'indispensable,' *i.e.,* whether in 'equity and good conscience' the action can continue

6

1    without the party." Bowen, 172 F.3d at 688 (citing Fed. R. Civ. P. 19(b) (listing factors for courts
2    to consider)).

### 1. Required ("necessary") party

4    Rule 19 specifies two circumstances under which a person may be a required party. The
5    first circumstance exists if "in that person's absence, the court cannot accord complete relief
6    among existing parties." Rule 19(a)(1)(A). Defendant does not argue that this court cannot
7    accord complete relief among the existing parties, and so this portion of the Rule does not apply.

8    Instead, defendant asserts arguments applicable to the second circumstance, which exists
9    if the absent person "claims an interest relating to the subject of the action …." Rule 19(a)(1)(B).
10   Specifically, defendant argues that "the absence of Mrs. Peters would necessarily impair her
11   ability to protect her interest," and "Wells Fargo would be at risk of multiple and potentially
12   inconsistent obligations without her participation." ECF No. 3 at 8, 14 at 2; see Rule
13   19(a)(1)(B)(i) (impair absent person's ability to protect the interest), (B)(ii) (inconsistent
14   obligations). See Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir.)
15   ("McDonnell's two contentions track the alternative subparts (i) and (ii) of Rule 19(a)(2),
16   concerning prejudice to the absent party or to those already parties"), cert. denied, 464 U.S. 849
17   (1983).

18   However, defendant does not argue that the absent party – Ms. Peters – "claims an
19   interest" in the subject of this litigation, nor has it made any showing to that effect. The mere
20   presence of Ms. Peters as a named co-borrower does not mean that she has "claimed an interest"
21   here. See Northrop, 705 F.2d at 1043 ("Subparts (i) and (ii) are contingent, however, upon an
22   initial requirement that the absent party claim a legally protected interest relating to the subject
23   matter of the action"); Medrano v. Caliber Homes Loans, Inc., 2014 WL 7236925 at *5, 2014
24   U.S. Dist. LEXIS 177576 at *14 (C.D. Cal. 2014) ("Alvarado," the co-borrower, "has claimed no
25   interest in the outcome of this action, and therefore need not be joined, regardless of the risk of
26   inconsistent judgments").

### 2. Indispensable party

28   Even if defendant had shown that Ms. Peters was a required or necessary party under

7

1    Rule 19(a), that would not end the inquiry into whether she is also an "indispensable" party under
2    Rule 19(b), whose absence would require dismissal. Rather, the court would then address the two
3    remaining steps of the Rule 19 inquiry. Defendant has made no argument regarding whether
4    joinder of the absent party is feasible here, nor whether, absent joinder, the case can proceed
5    without Ms. Peters. With no showing the Ms. Peters is an indispensable party, the motion to
6    dismiss on that ground will be denied.

       C.  Rule 12(b)(6) – Failure To State a Claim

          1.  Standard

9    The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the
10   Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal
11   can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged
12   under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
13   1990).

14   In order to survive dismissal for failure to state a claim, a complaint must contain more
15   than a "formulaic recitation of the elements of a cause of action;" it must contain factual
16   allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v.
17   Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of
18   facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of
19   action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36
20   (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to
21   'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
22   (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads
23   factual content that allows the court to draw the reasonable inference that the defendant is liable
24   for the misconduct alleged." Id.

25   In reviewing a complaint under this standard, the court "must accept as true all of the
26   factual allegations contained in the complaint," construe those allegations in the light most
27   favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus,
28   551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

2. Analysis

The complaint is confusingly worded and structured.  However, the complaint does include factual allegations that can be addressed under the normal rules applicable to dismissal motions.  The complaint alleges that defendant violated several California statutes that govern the procedures for foreclosing on a home, and that it committed fraud in connection with the foreclosure.

The California Homeowner Bill of Rights ("HBOR") modifies the foreclosure process "to ensure that borrowers who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options."  Lucioni v. Bank of America, N.A., 3 Cal. App. 5th 150, 157 (2nd Dist. 2016).  Under the HBOR, a mortgage servicer "may not record a notice of default" until it has first contacted the borrower "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code §§ 2923.5(a)(2) (if defendant is described by Cal. Civil Code § 2924.18(b)),[1] 2923.55

---

[1] Cal. Civil Code § 2923.5(g) ("[t]his section shall apply only to entities described in subdivision (b) of Section 2924.18").

(b)(2) (if defendant is *not* described by Cal. Civil Code § 2924.18(b)).[2]  The mortgage servicer must also attach to the Notice of Default, a declaration that it has contacted the borrower, or diligently attempted to do so.  Cal. Civil Code §§ 2923.5(b), 2923.55(c).

The HBOR also provides that a borrower may seek injunctive or damages relief for a violation of the rules governing foreclosure.  Cal. Civil Code §§ 2924.12(a)(1) (injunctive relief for violations of Section 2923.55), (b) (damages for violations of Section 2923.55), 2924.19(a)(1) (injunctive relief for violations of Section 2923.5), (b) (damages for violations of Section 2923.5); Valbuena v. Ocwen Loan Servicing, LLC, 237 Cal. App. 4th 1267, 1272 (2nd Dist. 2015) ("HBOR provides for injunctive relief for statutory violations that occur prior to foreclosure, and monetary damages when the borrower seeks relief for violations after the foreclosure sale has occurred") (citations omitted).

### a. Claim 1: Failure to comply with statutory procedures – injunctive relief

Defendant argues that the first claim should be dismissed because it seeks injunctive relief, which is a remedy, rather than a claim.  ECF No. 3 at 9.  However, this argument addresses the form of this pro se complaint, rather than its substance.  This court is constrained to construe such complaints "liberally," and will not dismiss such a complaint because of its confusing format.

In his first claim, plaintiff alleges that defendant failed to make contact with him before it filed the Notice of Default.  See, e.g., Complaint at 9 ¶ 28(4) ("no contact with plaintiff was made nor notice given prior to the recordation of the operative Notice of Default"); 10 ¶ 30 (defendants "failed to contact plaintiffs prior to recording" the Notice).  Plaintiff also alleges that defendant failed to attach the required declaration to the Notice of Default.  Complaint at 10 ¶ 30 (defendant "failed to attach a conforming Declaration of contact" to the Notice).[3]  Plaintiff has therefore

---

[2] Cal. Civil Code § 2923.55(g) ("[t]his section shall not apply to entities described in subdivision (b) of Section 2924.18").

[3] The court has granted defendant's request for judicial notice regarding the Notice of Default. The court notes that the document, as filed in this court, includes on its last page, a "Declaration of Compliance," citing Cal. Civil Code § 2923.55(c).  However, plaintiff's complaint expressly puts into dispute whether this page was included with the document filed in the County (continued…)

10

stated a claim under the HBOR, for which injunctive relief is available.

Defendant argues, entirely in a footnote, that plaintiff fails to state a claim under Cal. Civil Code §§ 2923.5. According to defendant, Section 2923.5 only applies to lenders that foreclosed on 175 or fewer residential properties in the preceding year, but "there cannot be any reasoned contention that Wells Fargo foreclosed on 175 or fewer homes in 2015." ECF No. 3 at 9 n.2. This "argument" involves a factual issue that the court will not resolve on this dismissal motion. In any event, the factual issue does not address whether plaintiff has stated a claim, but rather, whether, assuming the facts alleged to be true, defendant has violated Section 2923.5 (if defendant foreclosed on 175 properties or fewer) or 2923.55 (applicable to all others ). Defendant's motion to dismiss this claim will therefore be denied.

b. Claim 2: Failure to comply with statutory procedures - damages

Plaintiff's second claim seeks damages. Defendant argues that this claim merely sets forth statutory provisions and contains no factual allegations in support.

Defendant is partly correct. The second claim itself does not separately allege any facts in support of its claim that defendant has violated the provisions listed there. However, plaintiff incorporates all the factual allegations from the first claim, discussed above. Those allegations are sufficient to state a claim for damages. See Cal. Civil Code §§ 2924.12(b) (damages for violations of Section 2923.55), 2924.19(b) (damages for violations of Section 2923.5).

Defendant argues that plaintiff fails to state a claim because defendant's violations are not "material." ECF No. 3 at 11-12. However, defendant's arguments address only whether plaintiff will be able to prove that he has suffered his alleged financial damages as a result of defendant's conduct. That is not at issue at this stage of the litigation. Defendant offers no explanation for why its complete and total failure to do the only things the statute requires – contact plaintiff, explore alternatives to foreclosure, and file a declaration that it had done these things – is not a "material" violation of the statute.

---

Recorder's office. Accordingly, the court's grant of the request for judicial notice only goes to the fact that a Notice of Default was filed in the recorder's office, but does not address whether this declaration was included with the Notice.

11

c. Claim 3: Fraudulent Misrepresentation

In order to state a claim for fraudulent misrepresentation, plaintiff must allege: "(1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damages (causation)." Cooper v. Equity General Ins., 219 Cal. App. 3d 1252, 1262 (1st Dist. 1990) (citing Cal. Civil Code § 1709).

Defendant argues that plaintiff has not pled these elements with the required specificity. ECF No. 3 at 13-14. In fact, plaintiff sets out in detail exactly what the fraudulent representations were, who made them, when, the details of their falsity, and his reliance and resulting damage. See Complaint at 24 ¶ 71-74. No more is required in a pro se complaint. The "knowledge of falsity" and "intent to deceive" are clearly inferable from the factual details set forth in the complaint.

Defendant argues that it could not have committed fraud because the challenged statements were about a future event. The argument sweeps way too broadly, as fraudulent misrepresentations are routinely about future events. See, e.g., Meade v. Cedarapids, Inc., 164 F.3d 1218, 1223 (9th Cir. 1999) ("Although Plaintiffs had no reasonable expectations for employment of any particular duration, they reasonably relied on statements as to the company's *future growth*, particularly when given in response to Plaintiffs' concerns. If Plaintiffs can prove Defendants' representations were knowingly or recklessly false, then a reasonable trier of fact could find the requisite elements of the tort of fraudulent misrepresentation.") (emphasis added).

It is true that "predictions as to future events are ordinarily non-actionable expressions of opinion under basic principles of the tort of fraudulent misrepresentation." Bayview Hunters Point Community Advocates v. Metropolitan Transp. Comm'n, 366 F.3d 692, 698 (9th Cir. 2004). Even as to opinions of future events, however, there is "a well-established exception – if 'the speaker has knowledge of facts not warranting the opinion.'" PhotoMedex, Inc. v. Irwin, 601 F.3d 919, 931 (9th Cir. 2010) (quoting Richard P. v. Vista Del Mar Child Care Serv., 106 Cal. App. 3d 860, 866 (2nd Dist. 1980)).

In any event, defendant does not identify what "future" event or opinion it is referring to. The most logical reading of the facts underlying this claim is that defendant made a

misrepresentation of a contemporaneous fact, namely, that defendant was *at that time* "offering all of our good customers who are current on their loan a reduction offer on your monthly payments." Complaint at 24 ¶ 71(71a). That is not an opinion about some unknowable future event.

## IV.  RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Motion To Remand (ECF No. 6), be DENIED; and
2. Defendant's Motion To Dismiss (ECF No. 3), be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 28, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE