UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. PETERS,<br><br>        Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>        Defendants. | No. 2:16-cv-0834 JAM AC PS<br><br>AMENDED STATUS (PRETRIAL SCHEDULING) ORDER |

The Pretrial Scheduling Order filed on May 25, 2017, ECF No. 49, is hereby amended to change the date of the settlement conference (see p. 8, below), and is otherwise confirmed and restated below.

Plaintiff is proceeding in this case pro se. The case was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21). After reviewing the parties' status reports,[1] the court enters the following scheduling order.

I. SCHEDULE

A. SERVICE OF PROCESS

Defendant Wells Fargo does not dispute service and has filed an answer. Remaining defendants have not filed an answer.

---

[1] Plaintiff has submitted a "disclosure brief" and "supplement" that the court interprets as his status report. See ECF Nos. 43, 46.

1

Pursuant to Rule 4(m), Fed. Rules of Civil Proc., **any unserved defendants shall be served not later than 30 days from the date of this order**, or will be subject to dismissal without prejudice. Proof of service shall be filed pursuant to Rule 4(l) within 7 days thereafter.

B. JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties is permitted except with leave of court and upon a showing of good cause.

C. AMENDMENT OF PLEADINGS

No further amendment to pleadings is permitted except with leave of court and upon a showing of good cause.

D. JURISDICTION AND VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1332. Jurisdiction and venue are undisputed and are hereby found to be proper.

E. ANTICIPATED MOTIONS AND THEIR SCHEDULING

All law and motion, except as to discovery, shall be completed by April 4, 2018. The word "completed" in this context means that all law and motion matters must be heard by the above date, and accordingly, must be filed not later than 28 days prior to that date. See Local Rule 230(b). Counsel and pro se parties (collectively, "counsel"), are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. Available hearing dates may be obtained by calling Valerie Callen, the Courtroom Deputy, at (916) 930-4199.

Local Rule 230 governs the calendaring and procedures of civil motions with the following additions:

1. The opposition and reply must be filed by 4:30 p.m. on the day due; and

2. When the last day for filing an opposition or reply brief falls on a legal holiday, the opposition or reply brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994) (per curiam).

All purely legal issues are to be resolved by timely pretrial motion. The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above. The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

Counsel are reminded that motions *in limine* are procedural devices designed to address the admissibility of evidence. Counsel are cautioned that the court will look with disfavor upon substantive motions presented in the guise of motions *in limine* at the time of trial.

F.  DISCOVERY SCHEDULE

Discovery may commence at any time. This schedule specifies deadlines for when various types of discovery must be completed.

1. Initial Disclosures

All initial disclosures under Fed. R. Civ. P. 26(a) shall be made not later than 30 days from the date of this order.

2. Discovery - General

All discovery, including expert discovery discussed below, shall be completed by January 17, 2018. The word "completed" means that all discovery shall have been conducted so that all depositions (including expert depositions) have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the Local Rules. Accordingly, they must be heard not later than January 3, 2018 (leaving two weeks for the court's decision and the parties' compliance). See Local Rule 251(a). The parties are well advised not to wait until this deadline

before bringing discovery motions, as they may forfeit the discovery if the motion is too massive or complex to be decided and complied with during the two-week period.

### 3. Expert Disclosures

All parties are to disclose in writing, file with the court, and serve upon all other parties, a list containing the name, address and area of expertise of each expert witness they propose to tender at trial, not later than November 22, 2017. Each expert disclosure shall be accompanied by a written report that was prepared and signed by the witness, and that complies with Fed. R. Civ. P. ("Rule") 26(a)(2)(B), if required by that Rule. If a written report is not required by that Rule, the disclosure shall provide the information set forth at Rule 26(a)(2)(C).

Not later than December 13, 2017, all parties are to disclose in writing, file with the court, and serve upon all other parties, a list containing the name, address and area of expertise of each rebuttal expert witness the party proposes to tender at trial.

- Any party may so disclose rebuttal experts, whether or not that party has already designated experts.
- Rebuttal expert witnesses may only express opinions on subjects covered by an expert disclosed by an adverse party.
- A party's rebuttal expert may not express an opinion on a subject if that party has previously disclosed an expert to testify on that subject.

The rebuttal expert disclosures shall be accompanied by a written report that was prepared and signed by the witness, and that complies with Rule 26(a)(2)(B), if required by that Rule. If a written report is not required by that Rule, the disclosure shall provide the information set forth at Rule 26(a)(2)(C).

An expert witness or rebuttal expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert disclosure may lead to preclusion of the expert's testimony or other appropriate

sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation. Disclosure of percipient experts must contain the information called for by Rule 26(a)(2)(C).

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation. The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed. Disclosure of Rule 26 experts must be accompanied by the written report called for by Rule 26(a)(2)(B).

The parties shall comply with the information disclosure provisions of Rule 26(a)(2)(B) for any expert, who is in whole or in part designated as a Rule 26 expert, and of Rule 26(a)(2)(C) for any percipient expert witness. This information is due at the time of disclosure. Failure to timely supply the required information may result in the expert being stricken.

All Rule 26 experts are to be fully prepared to render an informed opinion at the time of disclosure, so that they may fully participate in any deposition taken by the opposing party. Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been made available at the time of disclosure, but was not. The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

## G. FUTURE PROCEEDINGS

### 1. Joint Mid-Litigation Statements

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with the court a brief joint statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.[2]  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth herein.

### 2. Final Pretrial Conference

The final pretrial conference is set before District Judge John A. Mendez on June 8, 2018, at 11:00 a.m., in Courtroom No. 6, 14th Floor.  In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.  All pro se parties must attend the pre-trial conference.

Counsel for all parties, and all pro se parties, are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties shall file a joint pretrial conference statement not later than fourteen (14) days `prior to the date of the final pretrial conference.

**At the time of filing the Joint Pretrial Statement, counsel shall e-mail the Joint Pretrial Statement and any attachments in Word format to Judge Mendez's judicial assistant Jane Klingelhoets at jklingelhoets@caed.uscourts.gov**

Where the parties are unable to agree as to what legal or factual issues are properly before the court for trial, they should nevertheless list all issues asserted by any of the parties and indicate by appropriate footnotes the disputes concerning such issues.  The provisions of Local

---

[2]  If the parties cannot agree to a joint statement, they shall file separate statements not later than fourteen (14) days prior to the close of discovery, with the information set forth in the text.

Rule 281 shall, however, apply with respect to the matters to be included in the joint pre-trial statement. Failure to comply with Local Rule 281, as modified herein, may be grounds for sanctions.

The parties are reminded that pursuant to Local Rule 281(b)(10) and (11) they are required to list in the final pre-trial statement all witnesses and exhibits they propose to offer at trial, no matter for what purpose. These lists shall not be contained in the body of the final pre-trial statement itself, but shall be attached as separate documents so that the court may attach them as an addendum to the final pre-trial order. The final pre-trial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the joint pre-trial statement and participate in good faith at the final pre-trial conference with these aims in mind. A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

3. Trial Setting

A jury trial is set in this matter before District Judge John A. Mendez on August 13, 2018, at 9:00 a.m., in Courtroom 6, 14th Floor.

H. SPECIAL PROCEDURES

None.

I. ESTIMATED TRIAL TIME

Based on the parties' representations, the court estimates a five (5) day jury trial.

| | |
|---|---|
| 1 | J. MODIFICATION OF PROCEDURES |
| 2 | None. |
| 3 | K. RELATED CASES |
| 4 | None. |
| 5 | L. SETTLEMENT CONFERENCE |

At the parties' request, **a Settlement Conference is set for June 13, 2017 at 9:30 a.m. in Courtroom No. 24 before Magistrate Judge Carolyn K. Delaney**.[3] The parties are directed to submit Confidential Settlement Conference Statements to Judge Delaney's chambers seven days prior to the Settlement Conference. Defense counsel may email his statement using the following email address: ckdorders@caed.uscourts.gov. Plaintiff may submit the statement by mail to the Clerk's Office to the attention of Judge Delaney. Such statements are neither to be filed with the Clerk nor served on opposing counsel; however, each party shall file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement. Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the conference on any terms. See Local Rule 270.

M. WAIVER OF DISQUALIFICATION

None disclosed.

N. MISCELLANEOUS

None.

## II. SUMMARY OF SCHEDULING ORDER

1. Initial disclosures completed:           30 days from the date of this order
2. Expert disclosure schedule:
    - Disclosure of experts:                November 22, 2017
    - Disclosure of rebuttal experts:       December 13, 2017

////

---

[3] This is the only date that has changed in this Order.

3. General discovery schedule (including experts):
    - Last discovery motions heard: January 3, 2018
    - Discovery completed: January 17, 2018
4. All law and motion, except as to discovery, shall be completed as described herein as follows:
    - Last law & motion filed: March 7, 2018
    - Last law & motion heard: April 4, 2018
5. Pretrial Conference Schedule:
    - Mid-Litigation Statement: January 3, 2018
    - Joint Pretrial Statement: May 25, 2018
    - Final Pretrial Conference: June 8, 2018
6. A five (5) day jury trial is scheduled to begin on:
                                August 13, 2018
7. Failure to comply with the terms of this order may result in the imposition of monetary and all other sanctions within the power of the court, including dismissal or an order of judgment.
8. Changes to this schedule may only be made by making application to the undersigned magistrate judge, and for good cause shown.

IT IS SO ORDERED.

DATED: May 30, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE